KING, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s conclusion that the district court abused its discretion in denying its sua sponte § 3582(c)(2) motion.
It is clear to me that the district court considered the relevant § 3553(a) factors as required by § 3582(c)(2). In deciding this motion, the district court had before it an addendum to the PSR — which the defendant challenged neither below nor on appeal — calculating Larry’s post-amendment Sentencing Guidelines range and chronicling Larry’s post-conviction conduct. In its order denying the § 3582(c)(2) motion to further reduce Larry’s sentence in light of the amended Guidelines range, the district court found that Larry “has been given sufficient credit for cooperation,” and that “the previously imposed sentence is still sharply below the amended guideline range.” Thus, in declining to further reduce Larry’s 138-month sentence, the district court considered the amended Guidelines range in the context of the particular circumstances of the case — considerations implicitly invoking the relevant § 3553(a) factors.
Furthermore, the defendant has not pointed us to any particular factor under § 3553(a) that, if considered, would sup *938 port a sentence reduction in this case. Remanding for further development by the parties and for reconsideration of the § 3553(a) factors strikes me as an exercise in futility. As the district court concluded in its order denying the § 3582(c)(2) sentence modification, the defendant has already received substantial sentence reductions on the basis of the government’s Rule 35 motions, and the district court’s final sentence remains 72 months below the low end of the applicable amended Guidelines range. Without argument from the defendant that further reduction is even warranted, I would not reverse the district court’s order and remand for further proceedings.
I agree with the majority that it would have been good practice for the district court to provide notice and an opportunity for the parties to argue the merits of the § 3582(c)(2) motion. However, the district court’s failure to do so in this case should not prevent us from concluding what the record clearly demonstrates, i.e., that the district court properly considered the applicable § 3553(a) factors.